UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:   Case No. 8:13-BK-02326 MGW
         Chapter 7

Stephens, James
Stephens, Lisa Joan

         Debtor(s).
_____/

## MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE
_____

## NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Rule 2002-4, the Court will consider this pleading without further notice or hearing unless a party in interest files an objection within 30 days from the date set forth on the proof of service attached to this paper. If you object to the relief requested herein, you must file your objection with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899, and serve a copy on the Trustee, RICHARD M. DAUVAL, at PO Box 13607, St. Petersburg, FL 33733.**

**If you file and serve a timely objection, the Court may schedule and notify you of a hearing, or the Court may consider the objection and may grant or deny the relief requested without a hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**
_____

COMES NOW, Richard M. Dauval, the Trustee in the above-captioned Chapter 7 case, through his undersigned attorney, and files this Motion for Turnover of Property of the Estate and states as follows:

1.   On 02/26/13, the Debtor(s) filed a Chapter 7 Petition, and Richard M. Dauval was appointed as Trustee.

2.   On 03/29/13, the Trustee conducted and concluded the 341 meeting in this case.

3.   Based on the Debtor(s) schedules and appraisal of the Debtors' personal property,

the Trustee has determined that the Debtor(s) has excess personal property including **household goods and furnishings, clothing, wedding rings and other jewelry, and a 2003 Toyota Echo**.

4. The Trustee seeks immediate turnover of all non-exempt property and their respective original titles and other related documentation so that they may be liquidated for the benefit of creditors, or in the alternative, for the Debtor to make arrangements with the Trustee to purchase the non exempt property from the bankruptcy estate.

5. The Debtor's bankruptcy case was filed on 02/26/13, therefore fifteen and sixty-one tenths percent (15.61%) of the federal income tax refund due to the Debtor for 2013 is property of the bankruptcy estate pursuant to 11 U.S.C. §541. See, e.g., U.S. v. Randall, 401 U.S. 513 (1973). This portion of the refund is property of the estate even if it is received postpetition to the extent that it is based upon prepetition wages, In re Truax, 104 B.R. 471 (Bkrtcy. M.D. Fla. 1989), and is not otherwise exempt under Florida's wage exemption statute, In re Lancaster, 161 B.R. 308 (Bkrtcy. S.D. Fla. 1993).

5. Any portion of the tax refund that is attributable to the Earned Income Tax Credit would be exempt pursuant to the provisions of Florida Statute 222.25(3).

6. The Trustee believes that an Order will be necessary for the Debtors to comply with the duties imposed upon them to cooperate with the Trustee and provide the Trustee with documents necessary for the administration of their estate.

WHEREFORE, the Trustee moves for entry of an Order Granting the Trustee's Motion For Turnover Of Property Of The Estate and the Debtor turnover or make arrangements to purchase from the estate, the non exempt property listed on the

Debtors' Schedule B, turnover of a copy of the Debtor's 2013 federal tax return, turnover of the portion of the Debtor's federal income tax refund that is property of the estate immediately upon receipt, and for such other an further relief as the Court may deem just and proper.

    /s/ Richard M. Dauval
Richard M. Dauval, Esq.
FBN 0664081
3900 1st Street North, 100
St. Petersburg, Florida 33703
Phone (727) 327-3328 x303

## CERTIFICATE OF SERVICE

I CERTIFY that on September 30, 2013, a true and correct copy of the foregoing has been furnished by U. S. Mail or electronic delivery to the U. S. Trustee, 501 E. Polk St., #1200, Tampa, FL 33602; James Stephens and Lisa Stephens, 1237 Mazarion Place, New Port Richey, FL 34655 Daniel Todd Dean, 3106 Alternate 19, Palm Harbor, FL 34683.

    /s/ Richard M. Dauval
Richard M. Dauval, Esq.
FBN 0664081
3900 1st Street North, 100
St. Petersburg, Florida 33703
Phone (727) 327-3328 x303